**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. H-05-337-02 |
| | § | |
| DANIEL HUNGER, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER**

The government has moved to apply the cost bond submitted by Daniel Hunger, the defendant, to the outstanding restitution.  (Docket Entry No. 230).  The defendant, Daniel Hunger, opposes the government's motion on the basis of hardship to the defendant and his family.  (Docket Entry No. 231).  The defendant's wife has filed a letter motion asking that the bond ownership be changed and the bond money returned to her.  (Docket Entry No. 229).

Under 28 U.S.C. § 2044,  the United States is entitled to the $1,000, which was posted as a cash bond by the defendant's attorney, subject to a hardship exception.  The statute provides:

> On motion of the United States attorney, the court shall order any money belonging to and deposited by or on behalf of the defendant with the court for the purposes of a criminal appearance bail bond (trial or appeal) to be held and paid over to the United States attorney to be applied to the payment of any assessment, fine, restitution, or penalty imposed upon the defendant.  The court shall not release any money deposited for

> bond purposes after a plea or a verdict of the defendant's guilt has been entered and before sentencing except upon a showing that an assessment, fine, restitution or penalty cannot be imposed for the offense the defendant committed or that the defendant would suffer an undue hardship.  This section shall not apply to any third party surety.

28 U.S.C. § 2044.

There is little case law defining the nature or extent of the hardship necessary to trigger the exception.  Counsel for Hunger has submitted evidence to support the contention that requiring the bond to be applied to the restitution would impose an undue hardship on the defendant and his family.  The government's motion is denied.  The cost bond is to be returned to the defendant.  The letter request to transfer is moot.

SIGNED on October 31, 2008, at Houston, Texas.

Lee H. Rosenthal
United States District Judge